UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| JAMES HARRISON, #095435 | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO: 4:21-cv-00063-JHM |
| DIAMOND PHARMACY SERVICES | ) | |
| AND DIAMOND PHARMACY SERVICES | ) | |
| CORPORATE AGENTS, JOHN/JANE | ) | |
| DOE(S) | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |

\* \* \*   \* \* \*   \* \* \*

## DIAMOND DRUG, INC.'S MOTION FOR SCREENING PURSUANT TO 28 U.S.C. §§ 1915 and 1915A

Pursuant to 28 U.S.C. § 1915 and § 1915A, as well as Fed. R. Civ. P. 12(b)(6), Defendant, Diamond Drug Inc., d/b/a Diamond Pharmacy Services (hereinafter "Diamond" or "Defendant"), by and through counsel, hereby requests that this Court review Plaintiff's Complaint for failure to state claims upon which proper relief could be granted.

## INTRODUCTION

Plaintiff originally filed this matter in the Commonwealth of Kentucky Muhlenberg Circuit Court on or about February 5, 2021, designated therein as Civil Action No. 21-CI-00037. (Doc. 1 at ¶1). On or about May 17, 2021, Muhlenberg Circuit Court Judge Brian Wiggins granted Plaintiff's Motion to Proceed *in Forma Pauperis*, allowing Plaintiff to file his "petition" and to serve summons on Defendant without the payment of costs or fees. (Doc. 1-2). Thereafter, Defendant was served on or about May 21, 2021, via the Kentucky Secretary of State. (Doc. 1 at

1

¶3). Defendant filed its Answer to Plaintiff's Complaint on or about June 10, 2021, denying Plaintiff's claims. (Doc. 1-3). Defendant then filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, placing the matter before this Court pursuant to this Court's subject matter jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1).

## I. Plaintiff's Complaint

Plaintiff has organized his Complaint into nine separate sections, labeled by Roman Numerals I through IX. (Doc. 1-1). These sections include: (I) Complaint; (II) Jurisdictional Authority; (III) Venue; (IV) Capacity to be Sued; (V) Exhaustion of Administrative Remedies; (VI) Parties; (VII) State Negligence and Tort Claims Claim Numbers; (VIII) Declaratory Claims Pursuant to KRS 418, *et seq.*; and (IX) Prayer for Relief. (Doc. 1-1).[1] Section I – Complaint provides that Plaintiff is requesting a jury trial on claims of gross negligence, negligence *per se*, retaliatory actions, statutory violations, wanton endangerment, and intentional infliction of emotional distress. (Doc. 1-1 at ¶I). Section II – Jurisdictional Authority goes further, stating that Plaintiff is also pursuing "the tort of outrage pursuant to KRS 446.070 . . ." (Doc. 1-1 at ¶II). Section III – Venue sets forth the basis for the suit in Muhlenberg County, as it is where Defendant is alleged to have "deprived [Plaintiff] of medications and/or refus[ed] . . . to refill timely medications. . . ." (Doc. 1-1 at ¶III).

Section IV – Capacity to be Sued asserts that the "Defendants are sued in both their individual and official capacity as Defendants were at all time pertinent hereto acting under color of state law while performing and/or failing to perform non-discretionary duties. . . ." (Doc. 1-1 at ¶IV). Plaintiff likewise claims to have exhausted his administrative remedies pursuant to Ky. Rev. Stat. § 454.415(2) in Section V of his Complaint. (Doc. 1-1 at ¶V). Plaintiff goes on to state

---

[1] As Plaintiff's Complaint sets forth his claims in both Roman Numerical and separate Arabic Numerical formatting, Defendant will refer generally to each separate section by the Roman Numeral.

in that Section that he has provided notice to the Kentucky Attorney General that he is asserting a constitutional challenge to Ky. Rev. Stat. § 454.415(2), as well as Ky. Rev. Stat. §§ 197.020(2) and 197.025(2).  (*Id.*).  Neither the Attorney General nor the Commonwealth of Kentucky are named as parties in this lawsuit.

In Section VI – Parties, Plaintiff states that he is an inmate at the Green River Correctional Complex, in Central City Kentucky, and recognizes that Diamond is a Pennsylvania corporation with its headquarters in Indiana, Pennsylvania.  (Doc. 1-1 at ¶VI).[2]  Plaintiff likewise named two "CORPORATE AGENTS JOHN/JANE DOE(S)."  (Doc. 1-1).  When describing the Parties in this case, Plaintiff set forth the Defendants as, "The Defendants are Diamond Pharmacy Services Corporation LLC, and John/Jane Doe Defendant(s) are believed to be agent(s) thereof defined under KRS 502.050(2)(a) and/or High Managerial agent(s) as defined in KRS 502.050(2)(b)." (Doc. 1-1, at ¶VI).

Plaintiff goes on to provide the basis of his Complaint in Section VII – State Negligence and Tort Claims Claim Numbers, as follows:

1. On or about January 6, 2021, Plaintiff turned in the medical label to have his Trelegy Ellipta inhaler refilled in order to timely continue his treatment of a respiratory condition, however several days later Plaintiff was informed he would have to wait sixty day[s] before the Pharmacy Services would refill the order. . . .

2. On January 15, 2021, Plaintiff went to sick call for respiratory problems and explained the Trelegy Ellipta inhaler clearly reflected 60 blisters is only 30 doses per the label itself and Plaintiff ensured that the inhaler would be available in the afternoon the following day, but it was not and on January 17, 2021 Plaintiff checked at SAM meds and was told it would be re-ordered again. . . .

---

[2] Plaintiff improperly asserts that Defendant was a Limited Liability Company, but correctly noted that Defendant was incorporated under the laws of Pennsylvania with a principal place of business in Indiana, Pennsylvania.  (Doc. 1-1, at ¶ VI).

3. On or about January 20, 2021, Plaintiff checked at SAM meds and was informed the Defendant(s) would not allow the Trelegy inhaler to be re-ordered until after January. . . .

(Doc. 1-1 at ¶¶VII.1–.3).  As a result, Plaintiff claims violations of Ky. Rev. Stat. §§ 502.050, 502.060, and 508.060, as well as criminal negligence, "negligence in failing and/or refusing to perform their regulatory and statutory duties and/or recklessly, maliciously or wantonly performing regulatory and statutory duties," "wanton endangerment," "harassment," and "retaliation." (Doc. 1-1 at ¶¶VII.3–.5, .7).  Plaintiff likewise references an incident in "early 2019" and "in August 29, 2019 when complaints were submitted to KSP medical staff" as a basis for a claim of intentional infliction of emotional distress. (Doc. 1-1 at ¶VII.6).

Plaintiff's Complaint then sets forth "Declaratory Claims" pursuant to Ky. Rev. Stat. § 418, *et seq.*, requesting declarations regarding Corrections Policies and Procedures, the Kentucky Corrections Health Care Service Protocol, the Kentucky Penal Code, Kentucky's negligence *per se* statute, Ky. Rev. Stat. § 446.070, Ky. Rev. Stat. §13A.130, and Ky. Rev. Stat. § 522.020. (Doc. 1-1 ¶¶VIII.1–.8, .18).  Plaintiff likewise requests that the following statutes be declared unconstitutional: Ky. Rev. Stat §§ 197.020(2), 197.025, and 454.415(2). (Doc. 1-1 at ¶VIII.9–.16).  Plaintiff further requests a declaration that "Defendant Wellpath Corporation LLC and/or its corporate agents are to provide without charge one copy of Plaintiff's medical records upon request pursuant to KRS 422.317(1)." (Doc. 1-1 at ¶VIII.17).  Plaintiff has not named Wellpath Corporation LLC as a defendant in this case.  For all of these alleged violations and declarations, Plaintiff seeks monetary, nominal, compensatory and exemplary damages, as well as costs and attorneys' fees. (Doc. 1-1 at ¶IX).  Plaintiff attached several documents to his Complaint, including a "Grievance Form" from the Kentucky Department of Corrections dated January 19, 2021, "Grievance Rejection Notice" for Grievance # 21-01-20M dated January 26, 2021, a "Health

Services Staff Contact Form" dated August 29, 2019, and what appears to be a document from the Health Care Grievance Committee. (Doc. 1-1 at pp. 10–14). The final document, as copied and sent to Diamond, is mostly illegible, but appears to indicate that on November 23, 2020, Plaintiff had previously been seen by a provider, who ordered a CT scan and renewed Plaintiff's medication. (Doc. 1-1 at p. 14).

As more fully explained herein, Plaintiff's Complaint is nonsensical, frivolous, and fails to state a claim upon which relief could be granted and should therefore be dismissed by this Court pursuant to 28 U.S.C. §§ 1915, 1915A, and Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I.   Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding *pro se* complaints are entitled to liberal construction) (citations omitted). When testing the sufficiency of a *pro se* plaintiff's complaint, Courts accept as true all non-conclusory factual allegations and liberally construe legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). Nevertheless, courts are not required to conjure unpleaded facts or construct claims on plaintiff's behalf. *See Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. Mar. 14, 2000); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Liberal construction does not require the "courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the

pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted. . . ." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562–63)) (internal quotation marks omitted). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* However, the opening pleading need only contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## II.     Additional Requirements of 28 U.S.C. §§ 1915 and 1915A

However, *pro se* plaintiffs proceeding *in forma pauperis* in federal court are subject to restrictions in 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Federal district courts are therefore required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints in federal court and to dismiss before service any such complaint that

the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The standard for dismissal under Rule 12(b)(6) also applies to dismissal under § 1915(e)(2)(B). *Id.* at 470–71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissal under § 1915(e)(2)(B)). Therefore, to survive dismissal under § 1915(e)(2)(B), Plaintiff's complaint must set forth sufficient facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

In the same vein, 28 U.S.C. § 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Actions such as the one filed by Plaintiff are likewise "subject to the screening provisions of § 1915A because the statute applies to actions brought by a prisoner regardless of whether the prisoner has paid the district court's filing fee or is proceeding in forma pauperis." *Trusty v. Centurion Health Servs.*, 2020 WL 548225 at *1 (6th Cir. Jan. 7, 2020) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199, 203 (2007)). Plaintiff has stated allegations against Defendant as an entity that provides medical services for the Department of Corrections. (Doc. 1-1 at ¶VI). As observed by the 6th Circuit, "[a] private medical contractor for a prison and its employees are government actors for purposes of § 1915A." *Id.* (citing *Hutchinson v. Wexford Health Servs.*, 638 F. App'x 930, 932 (11th Cir. 2016)).

A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A *pro se* Complaint may therefore be dismissed for

failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment.  *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Plaintiff's Complaint attempts to throw numerous legal claims against the wall to see if they stick in order that "somebody be held accountable. . . ."  (Doc. 1-1 at p. 12).  However, when separated, even liberally viewed in the most favorable light, Plaintiff has provided no basis for recovery under the theories asserted in his Complaint.

### III.   Any Claims Premised upon the Kentucky Penal Code Must Be Dismissed

Throughout Plaintiff's Complaint, he references various Kentucky criminal statutes, including Ky. Rev. Stat. §§ 508.060, 502.050, and 502.060, as well as an allegation that Defendant engaged in "wanton endangerment."  (Doc. 1-1 at ¶VIII.3-.7).  However, as well recognized by Kentucky courts, "[a] private citizen lacks a judicially cognizable interest in the criminal prosecution of another, and thus cannot assert a claim arising under a criminal statute."  *McHargue v. Pickard*, 2020 WL 3037217 at *2 (E.D. Ky. June 5, 2020) (Slip Opinion) (internal citations omitted); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("This Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Milgrom v. Burstein*, 374 F.Supp.2d 523, 529 (E.D. Ky. 2005) ("This Court is without jurisdiction over the defendants when the criminal statute relied upon does not imply a private right of action."); *Baze v. Huddleston*, 2010 WL 3944884 (W.D. Ky. Oct. 6, 2010).

In *Baze v. Huddleston*, the Western District of Kentucky was confronted with a *pro se* inmate complaint that asserted "State Tor[t] claims . . . under KRS § 508.100 Criminal Abuse in the First degree, KRS § 522.020(a)(b)(c) Official Misconduct, KRS § 506.040(1)(a)(b) Criminal Conspiracy, KRS § 524.055 Retaliation against a participant in the legal process, KRS § 502.050(1)(a)(b)(c) Corporate Liability." 2010 WL 3944884, at *4. In dismissing those claims, the Court observed that "[e]ach of these Kentucky statutes is a criminal statute imposing criminal sanctions, not any civil tort remedies, and this Court is without jurisdiction to direct criminal prosecution against Defendants." *Id.* (citing *Sahagian v. Dickey*, 646 F.Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors.")). Therefore, Plaintiff is unable to attempt to use the sections of the Kentucky Penal Code as a basis for suit against Diamond, and Plaintiff's Complaint on any of those basis should be dismissed.

### IV.   Plaintiff's Complaint Fails to Set Forth a Basis for Intentional Infliction of Emotional Distress

Plaintiff's Complaint once references a claim of "intentional infliction of emotional distress" along with wanton endangerment related to conduct that occurred "in early 2019 when Plaintiff resided at LLCC, and again in August 29, 2019, when complaints were submitted to KSP medical staff. . . ." Under Kentucky law, to prove an intentional infliction of emotional distress claim, "[t]he wrongdoer's conduct must be intentional or reckless; the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; there must be a causal connection between the wrongdoer's conduct and the emotional distress and the distress suffered must be severe." *Miracle v. Bell Cty. Emergency Med. Servs.*, 237 S.W.3d 555, 559 (Ky. Ct. App. 2007). Plaintiff's only basis for asserting an IIED claim is the 2019 conduct, which is time-barred.

Ky. Rev. Stat. § 413.140(1)(a) states that "[a]n action for an injury to the person of the plaintiff" is to be "commenced within one (1) year after the cause of action accrued." As Kentucky Courts have long held, "the statutes of limitation are designed to bar stale claims arising out of transactions or occurrences which took place in the distant past." *Armstrong v. Logsdon*, 469 S.W.2d 342, 343 (Ky. App. 1971). "Limitations statutes are by nature arbitrary and so sometimes seem to operate harshly. This harshness, of course, does not authorize courts to disregard the strict duties such statutes impose. On the contrary, the statutory duty to develop and file one's case diligently has been interpreted as an absolute except in the most compelling of circumstances." *Reese v. Gen. Am. Door Co.*, 6 S.W.3d 380, 383 (Ky. App. 1998).

Plaintiff's Complaint references an incident in "early 2019" and "in August 29, 2019 when complaints were submitted to KSP medical staff. . . ." (Doc. 1-1 at ¶VII.6). It is unclear what claim Plaintiff is asserting based upon that alleged incident, however, any claim of injury to Plaintiff's person would be subject to a one-year statute of limitations pursuant to Ky. Rev. Stat. § 413.140(1)(a). A cause of action for personal injuries must be brought within one year from the date the cause of action accrues, or the date of the injury to the person even though the extent of the injury is not known until later. *See, e.g., Caudill v. Arnett*, 481 S.W.2d 668 (Ky. 1972).

A claim of injury from August 29, 2019, would, at the latest, have been barred on August 29, 2020. Plaintiff's Complaint was filed on or about January 29, 2021. With these facts obvious on the face of the pleadings, Plaintiff has the burden of proving that the statute of limitations is not applicable in this circumstance. *See, e.g., Boone v. Gonzalez*, 550 S.W.2d 571, 573 (Ky. App. 1977) (once statute of limitation defense is raised, plaintiff bears "the burden of pleading and proving [an] exception to the general statute of limitations"). Plaintiff cannot, therefore, advance any claim based upon the alleged "incident" on August 29, 2019.

### V.      Ky. Rev. Stat. § 446.070 Does Not Provide an Avenue for Relief

Plaintiff cites Ky. Rev. Stat. § 446.070 as a basis for recovery under "the administrative regulations set forth in Corrections Policies and Procedures . . . ." (Doc. 1-1 ¶VIII.5–.6). "The Kentucky Supreme Court has carefully limited the applicability of Ky. Rev. Stat. § 446.070 to situations where the statute that was allegedly violated provides no remedy for the aggrieved party." *Thompson v. Breeding*, 351 F.3d 732, 737 (6th Cir. 2003). Plaintiff's basis for invoking Ky. Rev. Stat. § 446.070 are the Kentucky Department of Corrections' Policies and Procedures. However, Plaintiff fails to explain what policy or procedure that Defendant has allegedly violated.

Generally speaking, the Corrections Policies and Procedures govern prison procedures in Kentucky's correctional facilities. *See, e.g., Pasha v. Payton*, 2020 WL 3865260 at *6 (E.D. Ky. Mar. 30, 2020) (Slip Copy). Without any specific causal basis connecting Defendant to alleged violations of the Policies and Procedures, Plaintiff's Complaint fails to state a claim upon that basis as there is no "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562–63)). As such, it must be dismissed.

### VI.      The Commonwealth of Kentucky, Department of Corrections Is not a Party

Plaintiff likewise cannot assert constitutional challenges of Department of Corrections Policies and Procedures or various Kentucky statutes, such as Ky. Rev. Stat §§ 197.020(2), 197.025, and 454.415(2). Diamond is, put simply, not the Commonwealth of Kentucky and has no obligation to defend the Commonwealth's laws or the Department of Correction's Policies and Procedures. While Plaintiff states in his Complaint that he has mailed a copy of his Complaint and the allegations contained therein to the Attorney General of Kentucky, he has not named the Attorney General nor the Commonwealth of Kentucky in his Complaint. Nor, to the Defendant's

knowledge, were any of those parties served with the Complaint.  As such, any references to constitutional challenges, the Department of Corrections or the Commonwealth of Kentucky cannot provide a basis for relief and must be dismissed on their face as improperly plead.

### VII.    Wellpath Corporation LLC Is not a Party to this Action

Next, Plaintiff's request for a "[d]eclaration that Defendant Wellpath Corporation LLC and/or its corporate agents are to provide without charge one copy of Plaintiff's medical records upon request pursuant to KRS 422.317(1)" is nonsensical, as Wellpath Corporation LLC is not a party to this case.  This is further proof that Plaintiff's Complaint is frivolous and should be dismissed.

### VIII.    Plaintiff, *Pro Se*, Is Not Entitled to Attorneys' Fees

Finally, Plaintiff's request for attorneys' fees pursuant to 42 U.S.C. § 1988 must be denied on its face, as Plaintiff is acting *pro se* and has no attorney.  (*See* Doc. 1-1 at ¶IX.13; Doc. 1-2). Any consideration beyond this is unnecessary.

### CONCLUSION

Plaintiff's Complaint is full of unfounded and illogical citations to various inapplicable criminal statutes or Department of Corrections policies and procedures.  The only reference to a state law claim is premised upon an allegation that is barred by the applicable statute of limitations. Further, Plaintiff has not named any of the proper parties, such as the Commonwealth of Kentucky or Department of Corrections.  Instead, Plaintiff is ignoring the proper administrative remedies available to him from the Commonwealth of Kentucky and filing suit directly against a private third party located in Pennsylvania.  For the reasons discussed above, and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), as well as Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint must be dismissed as it is frivolous, malicious, and fails to state a claim upon which relief may be granted.

Defendant respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

/s/ Chad M. Zimlich
Craig L. Johnson
Chad M. Zimlich
STEPTOE & JOHNSON, PLLC
700 N. Hurstbourne Pkway, Suite 115
Louisville, KY 40222
Phone: (502) 423-2000
Fax: (502) 423-2001
Email: craig.johnson@steptoe-johnson.com
         chad.zimlich@steptoe-johnson.com
*Counsel for Defendant, Diamond Drugs, Inc. d/b/a Diamond Pharmacy Services*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2021, the foregoing document has been served via electronic filing and/or U.S. Mail upon the following:

James Harrison (via U.S. Mail)
Green River Correctional Complex
1200 River Road
P.O. Box 9300
Central City, KY 42330

/s/ Chad M. Zimlich
Craig L. Johnson
Chad M. Zimlich

13