UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21CV-00063-JHM

JAMES HARRISON                                                                                          PLAINTIFF

V.

DIAMOND PHARMACY SERVICES, ET AL.                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff, James Harrison, *pro se*, to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. [DN 5]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiff James Harrison ("Harrison"), *pro se*, filed an action on February 5, 2021, against Defendants Diamond Pharmacy Services ("Diamond Pharmacy") and Diamond Pharmacy Services Corporate Agents John/Jane Doe(s) in Muhlenberg Circuit Court asserting that Defendants engaged in negligence and various statutory violations in providing medication to inmates, including him, in Kentucky prisons. On May 17, 2021, the Muhlenberg Circuit Court Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered the clerk to issue summons in the case. On May 21, 2021, the Kentucky Secretary of State delivered a copy of the complaint via certified mail to Diamond Pharmacy. On June 10, 2021, Diamond Pharmacy filed an answer to the complaint. [DN 1, DN 1-1, DN 1-2, DN 1-3].

On June 18, 2021, Diamond Pharmacy removed the action to this Court based on diversity of jurisdiction. In its notice of removal, Diamond Pharmacy represents that it is a corporation organized under the laws of Pennsylvania with a principle place of business in Indiana,

Pennsylvania. It submits that the amount in controversy exceeds the amount required for federal court diversity jurisdiction. [DN 1 at ¶¶ 5–6]. On July 8, 2021, Harrison moved to remand the action to the Muhlenberg Circuit Court arguing that Defendant failed to establish diversity of citizenship under 28 U.S.C. § 1332(a). [DN 5]. Diamond Pharmacy filed a response on July 20, 2021 [DN 6], and Harrison filed a reply on February 10, 2022 [DN 17].

## II. STANDARD OF REVIEW

A defendant may remove a civil case over which the United States district courts would have original jurisdiction. 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citations omitted); *see also Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). A federal district court has diversity jurisdiction over any civil action where the matter in controversy exceeds $ 75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. 1332(a). Finally, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

## III. DISCUSSION

Harrison moves for a remand arguing that Diamond Pharmacy failed to establish diversity of citizenship because (1) Corporate Agents John/Jane Doe Defendants are citizens of the state where the suit was filed; (2) Diamond Pharmacy supplies the Green River Correctional Complex with pharmaceuticals, its principle place of business is in Kentucky, (3) the case involves complex issues under state law, and (4) Diamond Pharmacy waived any grounds for removal of the action by filing an answer in state court and engaging in discovery.

### A. Citizenship of John/Jane Does

Harrison maintains that because Corporate Agents John/Jane Doe Defendants supply the Green River Correctional Complex with pharmaceuticals from a local pharmacy around Muhlenberg County, removal is inappropriate as these John/Jane Doe Defendants are citizens of Kentucky. [DN 5 at 1–2].

Title 28 U.S.C. § 1441(b) mandates that in "determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Section 1441(b) "treats references to unknown defendants like a fictitious name. Thus the analysis is the same whether a defendant is listed as 'Unknown Agent' or something as arbitrary as 'John Doe.'" *Gill v. Fam. Dollar Stores of Kentucky, LP*, No. 3:20-CV-648, 2021 WL 1294780, at *3 (W.D. Ky. Apr. 7, 2021) (quoting *Allen v. Frasure Creek Mining Co.*, No. CV 12-110, 2012 WL 12924816, at *2 (E.D. Ky. Sept. 19, 2012)). However, section 1441(b)'s "mandate does not apply 'when the complaint provide[s] a description of a fictitious defendant in such a way that his identity could not be reasonably questioned.'" *Gill*, 2021 WL 1294780, at *3 (quoting *Musial v. PTC All. Corp.*, No. 5:08CV–45, 2008 WL 2559300, at *3 (W.D. Ky. June 25, 2008)).

Here, the complaint does not separate the alleged John/Jane Does from Diamond Pharmacy, instead Harrison refers to them as "agent(s) thereof . . . and/or High Managerial agent(s)." [DN 1-1]. In fact, with the reference in the complaint to the John/Jane Doe Defendants being "High Managerial agents," it is reasonable to conclude that these individuals may be located in the corporate headquarters in Pennsylvania. Additionally, in contrast to the allegations in the complaint in *Gill,* Harrison makes no direct reference to the John/Jane Doe Defendants' specific acts of negligence or torts. Thus, Diamond Pharmacy could not ascertain the citizenship of the

non-diverse defendants at the commencement of the state action. *Gill*, 2021 WL 1294780, at *3. Therefore, "at the moment of removal, complete diversity existed between the identified parties, and the district court properly exercised diversity jurisdiction." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006).

Until such time as Harrison amends the complaint to include the real John/Jane Does, the existence of these fictious defendants do not serve as a basis to remand the case. As accurately noted by both parties, if the complaint is later amended to substitute real, non-diverse defendants for the John/Jane Doe Defendants, diversity jurisdiction will be destroyed, and the Court would remand to the Muhlenberg Circuit Court. *Id.* at 541; [DN 6 at 4, DN 17 at 2].

### B. Principal Place of Business of Diamond Pharmacy

Harrison maintains that remand is necessary because Diamond Pharmacy supplies Green River Correctional Complex with pharmaceuticals, its principal place of business is Kentucky, and it is, therefore, a Kentucky citizen. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C.A. § 1332. Here, Diamond Drugs, Inc., d/b/a Diamond Pharmacy Services, is a foreign corporation incorporated under the laws of Pennsylvania with a principle place of business in Indiana, Pennsylvania. Harrison states as much in his complaint. [DN 1-1 at ¶ 5]. Harrison is a citizen of Kentucky. As such, these parties are diverse.

### C. Complex State Law Issues

Harrison contends that remand is warranted because the case involves complex issues under state law. However, "the Supreme Court has indicated that, as a general rule, the novelty or complexity of a state-law issue is not an appropriate basis upon which to remand a case when diversity-of-citizenship jurisdiction exists." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th

Cir. 2011) (citing *McNeese v. Bd. of Educ.*, 373 U.S. 668, 673 n. 5 (1963)); *see also Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09-CV-00026-SNLJ, 2011 WL 2118578, at *6 (E.D. Mo. May 26, 2011). Thus, remand is not appropriate under this argument.

### D. Waiver

In his reply, Harrison argues that Diamond Pharmacy waived any grounds for removal of the action by filing an answer in state court and engaging in discovery. [DN 17 at 1, 4]. Contrary to Harrison's argument, a "defendant does not waive his right to remove when he answers in state court and then files a petition for removal timely" or seeks preliminary information from a plaintiff. *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 864 (W.D. Pa. 1976); *Moorestown Twp. Bd. of Educ. v. S.D. on behalf of M.D.*, No. CV 10-0312, 2010 WL 11692501, at *2 (D.N.J. Feb. 4, 2010); *Bolivar Sand Co., Inc. v. Allied Equip., Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 128 (S.D. Fla. 1985) (defendant filed an answer, a motion for extension of time, and service of interrogatories). Essentially, "preliminary conduct by the defendant in a state court ordinarily does not constitute a waiver of the defendant's right to remove to federal court." *Januszka v. Kemper Ins. Co.*, No. CIV. A. 94-2242, 1994 WL 236463, at *3 (E.D. Pa. May 26, 1994). By filing an answer and sending the initial letter to Harrison, Diamond Pharmacy did not waive its right to remove the action.

### IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that the motion by Plaintiff, James Harrison, *pro se*, to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction [DN 5] is **DENIED**.

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      counsel of record

February 23, 2022