UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JAMES HARRISON                                                                                     PLAINTIFF

v.                                             CIVIL ACTION NO. 4:21-CV-P63-JHM

DIAMOND PHARMACY SERVICES *et al.*                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner action which was removed from state court. Defendant Diamond Pharmacy Services has filed a motion for the Court to screen this action pursuant to 28 U.S.C. §1915A (DN 7).[1,2] Upon consideration, **IT IS HEREBY ORDERED** that this motion (DN 7) is **GRANTED**. For the following reasons, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff was formerly incarcerated as a state prisoner at Green River Correctional Complex (GRCC). He sues Diamond Pharmacy Services, a Pennsylvania corporation, and Diamond Pharmacy Services John/Jane Doe(s). The Court previously found that it has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) (DN 18). The complaint sets forth state-law tort claims and claims based upon Kentucky criminal statutes and seeks damages as well as declaratory and injunctive relief.

---

[1] Section 1915A requires a court to screen actions filed by prisoners against governmental entities or their employees. The Sixth Circuit has held that "[a] private medical contractor for a prison and its employees are government actors for purposes of § 1915A." *Trusty v. Centurion Health Servs.*, No. 19-5872, 2020 U.S. App. LEXIS 391, at *3 (6th Cir. Jan. 7, 2020) (citing *Hutchinson v. Wexford Health Servs.*, 638 F. App'x 930, 932 (11th Cir. 2016)).

[2] Defendant alternatively moved for the Court to screen this action pursuant to 28 U.S.C. § 1915. This statute, however, applies to *in forma pauperis* proceedings. Plaintiff is not proceeding *in forma pauperis* in this action; Defendant paid the filing fee for this action upon removal.

## II.

Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (1997).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Tort Claims

Plaintiff begins the complaint as follows: "This is a civil complaint . . . brought against Defendants . . . for their gross negligence, negligence per se, . . ., and the intentional infliction of emotional distress."

Plaintiff specifically alleges that:

On or about January 6, 2021, [he] turned in the medical label to have his Trelegy Ellipta inhaler refilled in order to timely continue his treatment of a respiratory condition, however several days later Plaintiff was informed he would have to wait sixty days before the Pharmacy Services would refill the order, the negligence caused unnecessary pain and suffering relating to his respiratory distress and Defendant(s) wanton, reckless, and/or negligent conduct proximately caused and/or contributed to physical and psychological harm sustained by Plaintiff.

Plaintiff next alleges that:

On January 15, 2021, Plaintiff went to sick call for respiratory problems and explained the Trelegy Ellipta inhaler clearly reflected 60 blisters is only 30 doses per the label itself and Plaintiff [was] ensured that the inhaler would be available in the afternoon the following day, but it was not and on January 17, 2021, Plaintiff checked at SAM meds and was told it would be re-ordered again, but due to the Defendant(s)' negligence, retaliatory actions, malicious and/or wanton conduct Defendant would not refill this important life necessary devise which proximately caused/and or contributed to headaches, respiratory distress, the intentional infliction of emotional distress and other physical and psychological harm sustained by Plaintiff.

Based upon these allegations, <u>the Court will allow Plaintiff's state-law claims of negligence and the intentional infliction of emotional distress to proceed against Defendants</u>.[3] In so doing, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### B. Kentucky Penal Code Claims

Plaintiff asserts that Defendants violated his rights under "KRS 508.060, KRS 502.050, and/or KRS 502.060" when "[o]n or about January 20, 2021, Plaintiff checked at SAM meds and was informed the Defendant(s) would not allow Trelegy Ellipta inhaler to be re-ordered until after January . . . ." These statutes are part of Kentucky's penal code, Ky. Rev. Stat. §§ 500-534.

"[A]s a private citizen, [Plaintiff] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). To the extent that Plaintiff is asking the Court to initiate criminal charges against Defendants under these statutes, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Serv.*, No. 5:08-cv-189, 2010 U.S. Dist. LEXIS 4732, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.").

Thus, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

---

[3] Defendants argue that all of Plaintiff's tort claims are barred by the one-year statute of limitations set forth in Ky. Rev. Stat. § 413.140(1)(a). However, this argument only applies to the allegations that Plaintiff makes concerning events that occurred in 2019 which the Court has not set forth above.

### C. Declaratory Relief

Finally, the Court turns to eighteen requests for declaratory relief pertaining to various Kentucky state statutes and Kentucky Department of Corrections Policies and Procedures. Plaintiff seeks relief under Ky. Rev. Stat. § 418 *et seq*, the Kentucky Declaratory Judgment Act. This Act provides that in any action "in a court of record . . . wherein . . . an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding [judgment.]" Ky. Rev. Stat. § 418.040. In *Louisville/Jefferson Cty. Revenue Comm'n v. Ventas*, Inc., the Kentucky Court of Appeals explained as follows:

> The provisions of KRS 418.045 include examples of when a declaratory judgment may be requested and specifically recognizes that a declaratory judgment may be granted when a person's rights are affected by a statute or other government regulation. Once the court has issued a declaration of rights by judgment, order, or decree, further relief based upon that declaration may be granted whenever necessary or proper. KRS 418.055.

No. 2021-CA-0235, 2022 Ky. Unpub. LEXIS 71, at *5-6 (Ky. Ct. App. Feb. 11, 2022).

Although there appear to be various reasons that Plaintiff's requests for declaratory relief are subject to dismissal, the Court will dismiss them for failure to state a claim upon which relief may be granted because Plaintiff in no way connects his requests for declaratory relief to the allegations against Defendants. *See, e.g.*, *Blair v. Hendricks*, 30 S.W.3d 802, 805 (Ky. App. 2000) ("[F]or a declaratory judgment action to proceed, the movant must show that an actual and justiciable controversy exists involving the specific rights of the parties."), *overruled on other grounds by Lang v. Sapp*, 71 S.W.3d 133 (Ky. App. 2002).

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims for violations of the Kentucky penal code and for declaratory relief under Ky. Rev. Stat. § 418 *et seq*

5

are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: March 14, 2022

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Counsel of Record
4414.011