UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| JAMES HARRISON, #095435 ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | |
| ) | CASE NO: 4:21-cv-00063-BJB |
| DIAMOND PHARMACY SERVICES ) | |
| AND DIAMOND PHARMACY SERVICES ) | |
| CORPORATE AGENTS, JOHN/JANE ) | |
| DOE(S) ) | |
| ) | |
| DEFENDANTS ) | |
| ) | |

\* \* \*   \* \* \*   \* \* \*

## DIAMOND DRUG, INC.'S PRETRIAL MEMORANDUM

Comes now the Defendant, Diamond Drug Inc., d/b/a Diamond Pharmacy Services ("Diamond Pharmacy" or "Defendant"), by and through counsel, for its pretrial compliance pursuant to this Court's September 27, 2023, Order (DN 48), hereby states as follows:

## STATEMENT OF CAUSES OF ACTION

This is a medical negligence action brought by Plaintiff James Harrison ("Harrison"), a *pro se* prisoner. Harrison's sole remaining claim is that of negligence for alleged acts or omissions which occurred in 2021. Specifically, Harrison alleges that Diamond Pharmacy failed to refill his Trelegy Ellipta inhaler in a timely manner. The other claims were disposed of by screening pursuant to 28 U.S.C. § 1915A and summary judgment. Plaintiff seeks compensatory and punitive damages as well as costs, pre-judgment, and post-judgment interest.

**BRIEF STATEMENT OF THE FACTS**

This action arises from pharmaceutical services provided to Harrison while he was an inmate at the Green River Correctional Complex in Muhlenberg County, Kentucky. Defendant Diamond Pharmacy provides pharmaceutical services for offenders housed by the Kentucky Department of Corrections. Prescriptions are transmitted from individual providers to Diamond Pharmacy via the electronic health records system utilized at the facility or by facsimile. When Diamond Pharmacy receives a prescription, that prescription is filled by a registered pharmacist and shipped via FedEx directly to the applicable Department of Corrections facility, in this case, Green River Correctional Complex. Per the Commonwealth of Kentucky Department of Corrections Policies and Procedures for Pharmaceutical Services, Diamond Pharmacy must wait to dispense medications once it receives a prescription transmitted from the facility, and no automatic refills are permitted.

Plaintiff has been diagnosed with several medical conditions, including chronic obstructive pulmonary disease (COPD), which require prescription medications. To treat his COPD, Plaintiff was prescribed Trelegy Ellipta 100mcg/62.5mg/25mg, an inhaler, and directed to take one puff or inhalation per day.

Plaintiff alleges that his Trelegy Ellipta prescription should have been refilled on January 6, 2021. Complaint at Section VII ¶ 1. However, Diamond Pharmacy could not fill this prescription until it received a prescription from Plaintiff's medical provider. Records from Diamond Pharmacy, which were produced in discovery, reveal that it timely filled and shipped Harrison's Trelegy Ellipta prescription.

**STATEMENT OF THE ISSUES OF LAW AND FACT INVOLVED IN THE CASE**

The Plaintiff claims Diamond Pharmacy Services was negligent when it allegedly did not timely fill prescriptions for Plaintiff. Diamond Pharmacy Services has denied the Plaintiff's allegations of negligence and that any of its actions were a substantial factor in causing injury to Plaintiff.

Under Kentucky law, allegations of negligence "must be established by medical or expert testimony unless the negligence and injurious results are so apparent that laymen with a general knowledge would have no difficulty in recognizing it." *Johnson v. Vaughn*, 370 S.W.2d 591, 596 (Ky. 1963). Defendant's care should be evaluated based upon the standard that providers have "a duty to use that degree of care and skill which is expected of a reasonably competent practitioner in the same class to which he belongs, acting in the same or similar circumstances." *Blair v. Eblen*, 461 S.W.2d 370, 373 (Ky. 1970).

"The presumption of negligence is never indulged in from the mere evidence of mental pain and suffering of the patient, or from failure to cure or poor or bad results ...." *Meador v. Arnold*, 94 S.W.2d 626, 631 (Ky. 1936). "It is beyond dispute that causation is a necessary element of proof in any negligence case." *Baylis v. Lourdes Hospital, Inc.*, 805 S.W.2d 122, 124 (Ky. 1991). In Kentucky, "[i]t is well established that in a medical malpractice case, the burden of proof is upon the plaintiff to establish the negligence ... by medical or expert testimony." *Nalley v. Banis*, 240 S.W.3d 658, 660-661 (Ky. App. 2007). In order to show causation, a plaintiff must present medical or expert testimony. *Johnson v. Vaughn*, 370 S.W.2d 591, 596 (Ky. 1963).

With these standards in mind, the following issues must be decided in this case based on the evidence submitted at trial:

1) Whether Diamond Pharmacy failed to comply with its duty to exercise the degree of care and skill which is ordinarily expected of a reasonably competent pharmacy

3

provider acting under the same or similar circumstances in providing pharmacy services to James Harrison;

2) If Diamond Pharmacy Services failed to exercise the degree of care and skill ordinarily expected of a reasonably competent pharmacy, was said failure a substantial factor in causing any of the damages alleged by James Harrison;

3) Whether James Harrison suffered any injury; and;

4) The amount of damages to be awarded Plaintiff, if any.

## DISCOVERY

The Court has not previously set any discovery deadline. The parties have exchanged written discovery.[1] Discovery needs to be conducted with respect to Plaintiff's remaining negligence claim. It is anticipated this discovery may include, but not be limited to, obtaining Plaintiff's medical records, conducting the depositions of Plaintiff, any applicable treating providers, jail personnel and any witnesses disclosed by Plaintiff (from those whom he states affidavits will be submitted in his pretrial memorandum).

## PROPOSED JURY INSTRUCTIONS

Proposed jury instructions will be submitted separately in accordance with the Court's Pretrial Order.

## MOTIONS IN LIMINE

Motions *in limine* will be submitted separately in accordance with the Court's Pretrial Order.

## EXHIBIT AND WITNESS LISTS

---

[1] Plaintiff contends the Defendant engaged in deceptive practices within its discovery responses. The Defendant vehemently disputes Plaintiff's baseless accusation. The Defendant has properly complied with the applicable Federal Rules of Civil Procedure in responding to Plaintiff's discovery requests.

Exhibit and Witness Lists will be submitted separately in accordance wit the Court's Pretrial Order.

## TIME NEED TO PRESENT TRIAL

The Defendant currently anticipates it can present its case in 1-2 days.

Respectfully submitted,

*/s/ Craig L. Johnson*
Craig L. Johnson (Ky Bar No. 85428)
James N. Martin, Jr. (Ky Bar No. 92621)
STEPTOE & JOHNSON, PLLC
700 N. Hurstbourne Pkway, Suite 115
Louisville, KY 40222
Phone: (502) 423-2000
Fax: (502) 423-2001
Email: craig.johnson@steptoe-johnson.com
james.martin@steptoe-johnson.com
*Counsel for Defendant, Diamond Drugs, Inc.*
*d/b/a Diamond Pharmacy Services*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, the foregoing document was filed via the Court's CM/ECF system which will serve a Notice of Electronic Filing to the following:

James Harrison, #095435
Eastern Kentucky Correctional Complex
200 Road to Justice
West Liberty, Kentucky 41472
*Plaintiff, Pro Se*

*/s/ Craig L. Johnson*
Craig L. Johnson
James N. Martin, Jr.